# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5926 | **DATE** | 1/10/2002 |
| **CASE TITLE** | DAVID VAZQUEZ vs. TRI-STATE MANAGEMENT COMPANY, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 2/7/02 at 9:00 a.m. Plaintiff David Vazquez's motion to begin notice to members of the plaintiff class [4-1] is granted, and plaintiff's motion to strike or dismiss defendant's counterclaim [8-1] is denied. Parties are to submit proposed notice procedures on or before 1/24/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 14 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 27 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID VAZQUEZ, on behalf of a class )
himself and all other Plaintiffs similarly )
situated known and unknown, )
)
        Plaintiff, )
) Case No. 01 C 5926
)
) Hon. John W. Darrah
        v. )
)
TRI-STATE MANAGEMENT )
COMPANY, INC. and RONALD )
ZARZUELA, )
)
        Defendants. )
)

DOCKETED
JAN 1 4 2002

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions. Plaintiff, David Vazquez ("Vazquez"), has filed a complaint against Defendants, Tri-State Management Company, Inc. ("Tri-State") and Ronald Zarzuela ("Zarzuela"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, (2001), and the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, (2001). Tri-State filed a counterclaim against Vazquez, alleging state law claims for conversion and replevin.

Plaintiff has moved to begin notice to the plaintiff class and to strike or dismiss Tri-State's counterclaim. For the reasons set forth below, Plaintiff's Motion to Begin Notice to Members of the Plaintiff Class [4-1] is granted, and Plaintiff's Motion to Strike or Dismiss Defendant's Counterclaim [8-1] is denied.

-1-

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim'" [citation omitted], he must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

Plaintiff, David Vazquez, filed a claim for unpaid wages and other relief pursuant to the FLSA. Vazquez alleged that Defendants violated the FLSA by routinely denying him, and other past and present employees, time-and-a-half overtime compensation even though he, and the others, had worked more than forty hours in one work week. Vazquez also alleged that, pursuant to 29 U.S.C. § 216(b), he could maintain the action for and on behalf of himself and other similarly situated plaintiffs who have been harmed by Defendants' failure to comply with the FLSA and the Portal-to-Portal Act.

Vazquez then filed the instant motion to begin notice to members of the plaintiff class.

Tri-State filed a counterclaim against Vazquez. For purposes of Vazquez's Motion to Dismiss, the following allegations are taken as true. Tri-State conducts a general construction business. On or about August 2, 1999, Tri-State hired Vazquez as a painter. When Tri-State hired Vazquez, he did not own a vehicle or have sufficient credit to lease or purchase one.

In September 1999, Tri-State, at Vazquez's request, purchased a 1996 Ford Explorer for $22,380 for Vazquez's use. Tri-State deposited $2,000 as a down payment and financed the purchase through Ford Credit. Tri-State and Vazquez agreed that it would retain title to the Explorer and make deductions from Vazquez's pay until the Explorer was paid for in full. At that time, title in the Explorer would be transferred to Vazquez.

However, Vazquez only sporadically made these payments because he could not afford them. Tri-State continued to pay for the Explorer and its insurance.

Tri-State also purchased and provided a cellular telephone to Vazquez for use in his job. Vazquez proceeded to use the cellular phone for personal calls and incurred large bills for these non-work related calls.

On June 22, 2001, Vazquez quit his job at Tri-State. However, he has retained possession of the Explorer and the cellular phone despite Tri-State's demands that they be returned. Tri-State has continued to pay for the Explorer and its insurance since Vazquez quit.

Vazquez then filed the instant motion to strike or dismiss Tri-State's counterclaim.

On December 5, 2001, Vazquez was granted leave to file an amended complaint adding additional named plaintiffs, Christian Reyes and Edwyn Diaz.

## DISCUSSION

*Motion to Begin Notice*

The requirements for a class or collective action under the FLSA are governed by 29 U.S.C. § 216(b). Section 216(b) provides:

> An action to recover the liability prescribed in [section 206, 207 or 215(a)(3) of title 29] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Under § 216(b), class actions under the FLSA can only be maintained when and if potential claimants opt in. *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 441 (N.D. Ill. 1982). In contrast, class actions under Rule 23 bind all members of the class unless they opt out. This difference between Rule 23 and § 216(b) means that Rule 23's class certification requirements do not apply to FLSA class actions. *King v. General Elec. Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982).

Rather, under the FLSA, the representative need only show that the plaintiffs are similarly situated. 29 U.S.C. § 216(b). However, the FLSA and its regulations do not define similarly situated. One court defined similarly situated as "perform[ing] the same type of duties as" the named plaintiff. *Pfahler v. Consultants for Architects, Inc.*, No. 99 C 6700, 2000 WL 198888 (N.D. Ill. Feb. 8, 2000). Other courts have held that a named plaintiff can show that the potential claimants are similarly situated "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Realite v. Ark*

-4-

*Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) (citations omitted).

District courts have the power to authorize notice of the action to potential plaintiffs. *Woods*, 686 F.2d at 580.

Defendants oppose notifying potential plaintiffs for two reasons: (1) Vazquez has not stated how the plaintiff class is similarly situated and (2) the scope of the notice is overly broad.

Vazquez's proposed notice identifies the plaintiff class as individuals who, in the last three years, have worked more than forty hours in one week and did not receive time-and-a-half for the hours in excess of forty hours. Defendants argue that this class is overly broad and improper because Vazquez has not alleged how the potential plaintiffs are similarly situated. Moreover, Defendants argue, potential plaintiffs should be limited to those individuals who were entitled to overtime compensation under the FLSA and denied such compensation.

Defendants argue that potential plaintiffs are similarly situated only if they perform the same, or similar, duties. (Def.'s Mem. Opp'n Mot. Begin Notice at 2.) However, as was discussed earlier, plaintiffs are similarly situated if they "were victims of a common policy or plan that violated the law." *Realite*, 7 F. Supp. 2d at 306.

In *Realite*, thirty-seven hourly paid non-managerial employees of fifteen restaurants owned by the defendant sued defendant for violations of the FLSA. 7 F. Supp. 2d at 303. Even though the plaintiffs held different positions, such as waiters, dishwasher, busboy, bartender, etc., at the restaurants, the court held that because the conduct that violated the law occurred no matter which position they held, the proper definition of the scope of the plaintiff class was "all hourly-paid, non-managerial employees . . . who work or worked at one or more [of the defendant's restaurants] . . . during the past six years, and who (i) worked overtime during that period, (ii) did not receive

minimum cash wages for all hours worked, (iii) did not have working time properly recorded" among other class descriptors. *Realite*, 7 F. Supp. 2d at 304-05. The *Realite* court based its ruling on the allegations in the complaint and affidavits of ten of the named plaintiffs indicating the unlawful conduct. 7 F. Supp. 2d at 307.

In the instant case, Vazquez has alleged that Defendants have a "policy of no payment of time and one-half after 40 hours of work in a week, which violates the FLSA, on a Company-wide basis" to all hourly employees and "purposefully, with intent to avoid the provisions of the FLSA, alter and change [employees'] pay stubs to reflect a payment method . . . in compliance with the FLSA". (Am. Compl. ¶¶ 6, 7.) In their affidavits, Christian Reyes and Edwyn Diaz state that they, and other painters who worked for Defendants, were routinely denied overtime compensation. Vazquez and the other named plaintiffs have made the modest factual showing required to demonstrate that they and other potential plaintiffs were victims of a common policy or plan to violate the FLSA. *Realite*, 7 Supp. 3d at 306.

The Portal-to-Portal Act provides that the statute of limitations for actions under the FLSA is two years, unless the cause of action arises out of a willful violation of the FLSA, in which case the statute of limitations is three years. 29 U.S.C. § 255(a). Plaintiff has alleged willfulness on the part of the Defendants, which implies that the proper statute of limitations is three years. 29 U.S.C § 255(a).

Therefore, Vazquez's motion to begin notice is granted. The proper class of plaintiffs is all hourly-paid employees who work or worked for Defendants during the past three years and who (1) worked overtime during that period, (2) did not receive time-and-a-half for hours worked in excess of forty hours, and (3) had their pay stubs altered and changed to reflect payment of overtime

compensation by Defendants.

*Motion to Strike or Dismiss*

Vazquez moves to strike and/or dismiss Tri-State's counterclaim for three reasons: (1) it is not appropriate under Rule 13(a) or 13(b); (2) Tri-State has failed to joined a party under Rule 19; and (3) even if the counterclaim is appropriate under Rule 13, the counterclaim contemplates a set-off against the unpaid wages and is prohibited under the FLSA.

Rule 13 provides that permissible counterclaims are "any claim which . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction . . . any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's counterclaim." Fed.R.Civ.P 13(a), (b). Rule 13 also provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim . . . in accordance with the provisions of Rules 19 and 20." Fed.R.Civ.P. 13(h).

Rule 19 permits joinder of persons in whose "absence complete relief cannot be accorded among those already parties." Fed.R.Civ.P 19(a)(1). Rule 12(b)(7) provides for dismissal for failure to join a party under Rule 19. Fed.R.Civ.P. 12(b)(7).

The crux of the matter of dismissal of the counterclaim is whether Tri-state's claim against Vazquez is an impermissible set-off under the FLSA. Under the FLSA, minimum wages must be paid "free and clear":

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the [FLSA] will not be met where the employee "kicks-back" directly or indirectly to the employer or another person for the employer's benefit the whole or part of the wage delivered to

the employee.

29 C.F.R. § 531.35. However, employers may count as wages that have been paid "free and clear" "the reasonable cost . . . to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employee." 29 U.S.C. § 203(m) (2001).

Employers may not reduce wages below the statutory minimum to collect a debt owed to the employer. *Calderon v. Witvoet*, 999 F.2d 1101, 1107 (7th Cir. 1993) (citing *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362 (5th Cir. 1973)).

> A worker may ask the employer to turn part of his wage over to some third party - - for example, to send funds to a relative, to make a deposit in a bank, or to pay dues to a union. *See Veterans Cleaning Serv.*, 482 F.2d at 1369; 29 C.F.R. § 531.40. A revocable power to appoint one's income to a designated party is the functional equivalent of cash.

*Calderon*, 999 F.2d at 1107. "When an employer has paid a third party at the employee's request, the employee has had the use of the money for a purpose of his own choosing" and, therefore, free and clear. *Veterans Cleaning Serv.*, 482 F.2d at 1369.

In the instant case, Tri-State's counterclaim is not an impermissible set-off under the FLSA. "[T]he payment by the employer to a third party is equivalent to a loan to the employee, or an advance against his salary. Accordingly, deductions to recoup the outlay must be counted as wages." *Veterans Cleaning Serv.*, 482 F.2d at 1369. Tri-State alleges that it purchased the Explorer at Vasquez's request and that Vasquez had authorized it to deduct the payments from his wages. When the Explorer was paid in full, title to the Explorer would be transferred to Vasquez. The amount that Tri-State paid, and continues to pay, according to its complaint, for the Explorer was at Vasquez's request and is the equivalent of a loan. Vasquez has had the use of that money for a purpose of his

own choosing, free and clear. Thus, Tri-State's counterclaim is not an impermissible set-off under the FLSA.

Tri-State's counterclaim is a compulsory counterclaim under Rule 13(a). The claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed.R.Civ.P. 13(a). The transaction that is subject matter of this action is the payment, or non-payment, as the case may be, of wages. Tri-State's counterclaim also arises out of the claim for wages. Furthermore, there is no evidence to suggest that the Court could not acquire jurisdiction over the lienholder of the Explorer. The facts alleged in the counterclaim suggest that the lienholder would be amenable to this Court's jurisdiction under the Illinois long-arm statute.

Moreover, the lienholder of the Explorer is not, as Vasquez argues, a person in whose "absence complete relief cannot be accorded among those already parties." Fed.R.Civ.P 19(a)(1). Tri-State has alleged that it has made, and continues to make, the required payments to the lienholder of the Explorer. No rights of the lienholder have been implicated because the lienholder's rights are contingent upon non-payment of the loan. Non-payment has never occurred. Thus, the lienholder need not be joined under Rule 19.

Therefore, Vasquez's motion to strike or dismiss Tri-State's counterclaim is denied.

## CONCLUSION

For the reasons stated above, Plaintiff David Vazquez's Motion to Begin Notice to Members of the Plaintiff Class [4-1] is granted, and Plaintiff's Motion to Strike or Dismiss Defendant's Counterclaim [8-1] is denied.

Defendants are ordered to (1) submit the names and addresses of all potential class members and (2) refrain from any and all forms of communication with current and prospective class members concerning the merits and issues of their FLSA claims. Counsel for Plaintiffs and Defendants are ordered to (1) confer and agree upon the form of Notices and Consents, which shall conform to this Memorandum Opinion and Order, which shall be sent to all potential class members; and (2) submit proposed Notice procedures within in fourteen days of the date of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: January 10, 2002